**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Maudy Binns, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 1718 |
| John C. Bonewicz, P.C., an Illinois professional corporation, and CACH, LLC, a Colorado limited liability company, | ) ) ) ) | |
| Defendants. | ) ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Maudy Binns, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Maudy Binns ("Binns"), is a citizen of the State of Florida, from whom Defendants attempted to collect a delinquent consumer debt owed originally for purchases made at City Furniture that were financed via a GE Money Bank account, which was then allegedly owed to a bad debt buyer, CACH, LLC.  The Defendants

collection actions took place despite the fact that Ms. Binns was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, and had told the Defendants to cease collections and cease communications.

4. Defendant, John C. Bonewicz, P.C. ("Bonewicz"), is an Illinois professional corporation, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Chicago, Illinois, Bonewicz operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Bonewicz was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CACH operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CACH was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant CACH is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Bonewicz.

7. Defendants Bonewicz and CACH are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Bonewicz and CACH each conduct extensive and substantial business in Illinois.

8. Defendant CACH is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CACH acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Binns is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a GE Money Bank account. At some point in time, Defendant CACH bought Ms. Binns' GE Money Bank debt, and when Defendants began trying to collect that debt from her, by calling her and/or sending her a collection letter, dated February 2, 2012, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this February 2, 2012 collection letter is attached as Exhibit C.

10. Accordingly, on February 6, 2012, one of Ms. Binns' attorneys at LASPD informed Defendants that Ms. Binns was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Binns was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, Defendants continued to call Ms. Binns directly several times in an attempt to collect the GE Money Bank debt from her, including, but not limited to a

call on February 14, 2012, by one of the Defendants' debt collectors, "Ms. Holliman", who called Ms. Binns from phone number 224-534-8030, ext. 7227, to demand payment of the GE Money Bank debt.

12. Accordingly, on February 14, 2012, Ms. Binns' LASPD attorney had to send Defendants another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Binns' agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violations of § 1692c(c) of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Binns was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Binns was represented by counsel, and had directed a cessation of communications with Ms. Binns. By directly calling Ms. Binns, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Maudy Binns, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Binns, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maudy Binns, demands trial by jury.

                          Maudy Binns,

                          By: /s/ David J. Philipps\_\_\_
                          One of Plaintiff's Attorneys

Dated: March 8, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Lewis Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com